IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLADYS R. STANSHAW,

    Plaintiff,                                  CIV-S-05-2049 WBS KJM

    vs.

MICHAEL J. ASTRUE,                        ORDER
Commissioner of Social Security,

    Defendant.

_____/

          On February 26, 2007, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days. Objections were filed on March 23, 2007, and were considered by the undersigned.

          This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Bus. Machs., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are

1

reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The Commissioner of the Social Security Administration ("SSA") must recover overpayments unless the recipient was (1) "without fault" and (2) recovery would either (a) defeat the purpose of Title II of the Social Security Act or (b) be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506. Plaintiff objects to several of the findings of fact contributing to the magistrate's ultimate conclusion that plaintiff was not without fault. These objections concern both the adequacy of evidence in the record to support certain findings by the magistrate judge and renewed objections that procedures employed by SSA were improper.

The court finds that the magistrate judge's conclusion that multiple requests for information were sent to plaintiff is sound. The Administrative Transcript ("AT") reflects that plaintiff was aware that SSA made attempts to contact her between April 2000 and May 2001. (AT 68, 116.) A finding that plaintiff was aware her pension would have an adverse impact on her benefits is not necessary to support the Administrative Law Judge's ("ALJ") conclusion that plaintiff failed to exercise the requisite high degree of care. (AT 19; see also 20 C.F.R. §§ 404.507 & 404.511(a).) Plaintiff failed to make further inquiries with SSA after SSA informed her that she was not entitled to the benefits, and that is sufficient to support the ALJ's conclusion. (Id.)

Plaintiff also objects to the procedures employed in this case, specifically that she did not receive notice that her request for waiver would be raised at the hearing before the ALJ, and that her waiver requests were not processed and her file was not reviewed prior to her personal conference. The magistrate judge concluded that plaintiff did have notice that the waiver issue would be addressed and remand is not necessary to correct the failure to properly process plaintiff's waiver requests. (Findings & Recommendations 5-7.) The magistrate judge's factual finding is supported by the record. (AT 128-129.) The magistrate judge also correctly

2

1  found that the "oral hearing" requirement of <u>Califano v. Yamasaki</u> was satisfied in this case. 442
2  U.S. 682, 697 (1979). Because the ALJ's decision regarding fault was supported by the
3  substantial evidence in the record, the magistrate judge appropriately concluded that remand to
4  SSA to correct any procedural errors would be futile.
5        The court has reviewed the applicable legal standards and, good cause appearing,
6  concludes that it is appropriate to adopt the proposed Findings and Recommendations.
7  Accordingly, IT IS ORDERED that:
8        1. The proposed Findings and Recommendations filed February 26, 2007, are
9  ADOPTED;
10       2. Plaintiff's motion for summary judgment is DENIED; and
11       3. The Commissioner's cross-motion for summary judgment is GRANTED.
12 DATED: April 11, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3